HANDSHOE, et al. *v.* DALY, et al.

Division A.   Mar. 19, 1951.

No. 37876 (51 So. (2d) 230)

Quitman Ross and Collins & Collins, for appellants.

Beard, Pack & Ratcliff, for appellees Tillery and Derrick.

Welch, Cooper & Welch and C. Denton Gibbes, Jr., for appellees Daly, Bethea, Sims, Bishop and Landrum.

Holmes, C.

Appellees, Gus Daly, Harvey E. Bishop, C. H. Sims, W. M. Bethea and Thad Landrum, brought this suit in the Circuit Court of the Second Judicial District of Jones

County against Joseph C. and Marion R. Handshoe, the appellants, and the Commercial National Bank and Trust Company of Laurel, and Walter L. Tillery, asserting and seeking to enforce, pursuant to Sections 356 to 367, both inclusive, of the Mississippi Code of 1942, a lien for labor and materials alleged to have been furnished in the construction by appellants of a dwelling house on a certain lot owned by them in the City of Laurel. Grady Derrick and L. O. Walters intervened in the suit asserting and seeking to enforce a like lien.

Appellants answered, denying any contractual relations with or liability to the claimants, and averring that they entered into a contract with Walter L. Tillery to construct the house according to adopted plans and specifications, and to furnish all labor and material therefor, for a fixed sum, and that Tillery had been fully paid prior to notice of said claims, and that if anything was owing on said claims it was owing by Tillery and not the appellants.

Tillery answered denying that the house was constructed pursuant to a contract entered into between him and appellants whereby he agreed to construct the house and furnish all labor and materials therefor for a fixed sum, and denying all liability to the said claimants and averring that he was employed by the appellants to construct the house on a modified cost-plus basis, that is to say, on a basis whereby the appellants were to pay for the labor and material and in addition thereto were to pay Tillery ten per cent of the total cost for his services. Tillery further averred that he was authorized by appellants to employ labor and purchase material and was to be refunded by appellants for any sums paid by him therefor. He further averred that appellants departed from time to time from the original plans and specifications, and hired labor and made purchases of material and that statements thereof were in the possession of appellants, and he called on appellants to produce the same and appellants declined. He further asserted a claim

against appellants for reimbursement of the sums which he had advanced for labor and material and for ten per cent of the total cost to compensate him for his services and claimed a lien therefor on the house and lot, and in his final pleading he filed an itemized statement of the total cost, exclusive only of those items of labor and material arranged for by appellants and statements for which were rendered to appellants and not available to him.

Numerous motions and amended pleadings were filed in the course of the proceedings, and the cause, on the motion of Tillery, was transferred to the chancery court where the pleadings were revamped to conform to chancery practice, and the cause proceeded to trial in the chancery court on the pleadings and proof, resulting in a decree adverse to appellants, and from which decree this appeal is prosecuted.

No serious contest was raised by any of the parties as to the claim of the Commercial National Bank and Trust Company, or as to its prior lien on the property, it appearing without dispute that the claimed indebtedness to the bank represented money advanced in the outset for the construction of the house and secured by a valid deed of trust on the property.

The evidence as to the nature of the contract between Tillery and the appellants, and as to the liability of the appellants to Tillery and the other claimants, was conflicting and on this conflicting evidence the chancellor found as a fact that the contract entered into by the appellants and Tillery was on a cost-plus basis, and that appellants were indebted to Tillery in the sum of $4200 and were indebted to the other claimants in the respective amounts claimed by them, except as to the claimant, L. O. Walters, who offered no proof in support of his claim, and accordingly a decree was entered awarding to the Commercial National Bank and Trust Company a first lien on the property and to the other claimants pro-rata liens on the property.

It is complained by the appellants, first, that the court erred in overruling the motion of appellants to dismiss the respective claims because not properly itemized, and second, that the court erred in overruling the objection of appellants to the testimony of certain of the claimants as to statements made to them by Tillery when the material to be furnished by them was contracted for, and third, that the decree of the court is not warranted by the evidence.

We are of the opinion that the statements of the several claimants, including the statement of Tillery as to the total cost of the house, were sufficient to meet all legal requirements and that the chancellor was not in error in overruling the motion of appellants to dismiss the claims upon this ground.

Certain of the claimants were permitted to testify over the objection of appellants as to statements made to them by Tillery when he ordered the material for which they were claiming, such as, for instance, that he was dealing with them because Handshoe said he preferred them. This testimony was objected to upon the ground that it was hearsay.

This testimony was admissible as an independently relevant fact to explain the circumstances under which these particular claimants furnished the materials for which they were claiming, and the truth or falsity of Handshoe's quoted statement was not a fact in issue, and hence the hearsay rule does not apply. ██ █ ''Where the fact that a particular statement was made is of itself a relevant fact, regardless of the truth or falsity of such statement, the statement is admissible in evidence as an independently relevant fact.'' 31 C. J. S., Evidence, Sec. 239, p. 988. See also 3 Wigmore on Evidence, 2d, 771.

We think ██ █ it was competent to show the circumstances under which the particular claimants furnished the material for which they were claiming and that the testimony objected to was relevant for this purpose, and

that the chancellor committed no error in overruling the objection to this testimony.

It is finally contended by appellants that the court erred in rendering a decree in favor of the several claimants and against the appellants, and it is argued that the evidence is insufficient to support such decree. We have carefully reviewed the evidence in this case and find that it clearly presented an issue of fact. We not only are unable to say that the chancellor's findings of fact are manifestly wrong but we are of the opinion that such findings are amply supported by the evidence. It follows, therefore, that the decree of the chancery court should be and it is affirmed.

Affirmed.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the decree of the lower court is affirmed.